Welch, J.
It is claimed by plaintiff in error that the judgment in the original action is erroneous, because no-breach of the condition of the bond is shown. The con *85 dition of the bond, it is said, was that Evers should be indemnified only in case the “wrong property” was levied on, and in case there was a sale. ¥e think otherwise. The levy, which is recited in the bond, implies the holding of the property by the constable, and the intention must necessarily have been that the constable should hold the property till the time of sale, and that he should be indemnified for so doing, as well as for the sale. The substance .of the provision is, that the constable shall not give the property up to Eli, but shall hold and sell it. “ And the same (shall be) sold,” may very properly be read, “ or the same (shall be) sold.” The intention was to indemnify Evers both for levying on the ‘‘ wrong property,” “and" for its. sale. ,
It is also claimed that the court erred in allowing the costs, attorney’s fees, and expenses incurred by Evers in •the replevin suit, to be included in his judgment. Here we again differ with counsel. One of the obligors had notice of the suit, and had agreed that it should be defended. Clearly this entitled the constable, if he chose to do so, to defend the suit, and recover from the obligors his costs, attorney fees, and expenses. Nothing less than this would be an indemnity according to the terms of the bond; and •notice to one of the joint obligors was sufficient.
A third assignment of error is, that the plaintiff' in error was not legally summoned, the summons served upon him not having the indorsement required by the 57th section of the code. This assignment of error must-prevail. This was an action for money only. The law requires the amount for which judgment is claimed, in all such cases, to be indorsed upon the summons, and provides that judgment shall not be rendered for a larger amount than that so indorsed. Here nothing was indorsed, and judgment was taken for the full amount clainfed in the petition. This was erroneous, and for this error the judgment must be reversed. Judgment reversed.
McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurring.